UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
WU ZHANG,

                         Plaintiff,

-against-

BROOKHAVEN SCIENCE ASSOCIATES, LLC,

                         Defendants.[1]
--------------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-4987 (DRH)(AYS)

**APPEARANCES:**

**For Plaintiff:**
Scott Michael Mishkin, P.C.
One Suffolk Square, Suite 240
Islandia, New York 11749
By:    Kathleen A. Tirelli, Esq.

**For Defendants:**
Jackson Lewis P.C.
58 South Service Road, Suite 250
Melville, New York 11747
By:    Marc S. Wegner, Esq.
        Alexandra T. Faver, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

Plaintiff Wu Zhang ("Plaintiff") brought this action against Defendant Brookhaven

Science Associates, LLC ("Defendant") for damages suffered as a result of Defendant's alleged

retaliation against Plaintiff for her use of medical leave pursuant to the Family and Medical

Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. Presently before the Court is Defendant's

motion to dismiss her complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6)

---

[1] The caption of this Memorandum and Order mirrors the Complaint's caption. However, it is noted that Plaintiff's
pleading mentions only one Defendant.

for failure to state a claim upon which relief can be granted. For the reasons explained below, the motion to dismiss is granted.

## BACKGROUND

The following relevant facts come from the Complaint and are assumed true for purposes of the instant motion to dismiss:

Plaintiff has been employed by Brookhaven National Laboratory ("BNL")[2], a national laboratory operated and managed by Defendant, in various capacities since 1987. (Compl. [ECF No. 1] ¶¶ 5, 7-9.) In December 2014, she was hospitalized for two days, and Defendant approved FMLA leave from work for her from December 12, 2014 to January 23, 2015. (*Id*. ¶¶ 14-22.) On or about September 2015, Plaintiff became aware that Defendant had charged her attendance record with sick days rather than FMLA leave for her absence from December 12, 2014 to January 23, 2015. (*Id*. ¶¶ 23-25.) Following this discovery, Plaintiff approached her supervisor, Defendant's Human Resources, IT and Payroll departments, and Defendant's management to revise her attendance record to reflect her approved FMLA leave. (*Id*. ¶¶ 26-37.) Plaintiff's attendance record was corrected on January 31, 2017. (*Id*. ¶¶ 26-38.) Plaintiff alleges that, in the interim, her "attendance record reflected her as being an abuser of sick leave and potentially subjected her to discipline or termination due to having so many absences." (*Id*. ¶ 25.) An internal investigation performed by Defendant's Human Resources department in January 2017 concluded that there was no wrongdoing, including any retaliation, by Defendant. (*Id*. ¶ 37.)

---

[2] Defendant Brookhaven Science Associates ("BSA") is a corporation established for the sole purpose of managing and operating BNL. (Compl. ¶ 12.)

**DISCUSSION**

I.      *Rule 12(b)(6) Legal Standard*

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. A plaintiff must provide facts sufficient to allow defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'" Id. at 678 (quoting *Twombly*, 550 U.S. at

556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

II.     The Parties' Arguments

Plaintiff sets forth a claim of retaliation for her use of medical leave pursuant to the FMLA. Plaintiff argues that due to an error on her attendance record, time that should have been categorized as approved FMLA leave was instead marked as sick days, resulting in Plaintiff being labeled a "sick-time abuser." (Compl. ¶ 39.) Plaintiff alleges that she "could have faced termination for this reason." *(Id.)* Plaintiff also alleges that she suffered the "adverse act" of having to pursue a correction to her attendance record for over a year and a half, and that Defendant willfully changed her attendance record to reflect sick days rather than approved FMLA leave "so as to make it easier to justify terminating her as a sick-time abuser." (*Id*. ¶¶ 40-41.)

In its motion to dismiss, Defendant argues that Plaintiff fails to plausibly allege facts supporting her claim for FMLA retaliation and complains only of a clerical error. (Def.'s Mem. In Supp. [ECF No. 10-1] at 1.) Defendant also argues that the Court should dismiss Plaintiff's claim with prejudice, particularly in light of Plaintiff's previous similar claim against Defendant, which Plaintiff voluntarily dismissed. (*Id.* at 10.) In her opposition, Plaintiff argues that she pled an actionable adverse employment act and that her use of FMLA leave was the cause of the adverse act. (Pl.'s Opp. [ECF No. 10-2] at 5-7.) Plaintiff also argues that her complaint should not be dismissed with prejudice if deemed inadequately pled because there have been no previous amendments of the complaint. (*Id.* at 7-8.)

*III.    FMLA Retaliation*

To establish a prima facie case of FMLA retaliation, "a plaintiff must establish that 1) [s]he exercised rights protected under the FMLA; 2) [s]he was qualified for her position; 3) [s]he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 429 (2d Cir. 2016).

For purposes of FMLA retaliation, "a materially adverse action is any action by the employer that is likely to dissuade a reasonable worker in the plaintiff's position from exercising his legal rights." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 164 (2d Cir. 2011). "Minor annoyances" do not rise to the level of an adverse action. *See id.* at 165 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)); *see also Stern v. State Univ. of N.Y.*, Case No. 16-cv-5588(NGG)(LB), 2018 U.S. Dist. LEXIS 173054, at *55 (E.D.N.Y. Sept. 30, 2018) ("mere inconvenience" does not support a retaliation claim).

An inference of retaliatory intent can be established when there is a basis to conclude that a "causal connection exists between the plaintiff's protected activity and the adverse action taken by the employer." *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 152 (2d Cir. 2012) (citing *Mack v. Otis Elevator Co.*, 326 F.3d 116, 129 (2d Cir. 2003)). This connection can be shown by a close temporal proximity in time between the protected activity and the adverse employment action. *Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cty.*, 252 F.3d 545, 554 (2d Cir. 2001). Though there is no firm time frame, "most courts in the Second Circuit have held that a lapse of time beyond two or three months will break the causal inference." *Seitz v. New York State*, Case No. 18-cv-4149(PKC)(LB), 2019 WL 4805257, at *11 (E.D.N.Y. Sept. 30, 2019).

IV.    *The Motion to Dismiss is Granted*

        a.    *Plaintiff fails to establish a prima facie case of FMLA retaliation*

Plaintiff does not come close to establishing a prima facie case of FMLA retaliation or to stating a plausible claim for relief. With respect to the factors enumerated in *Graziadio*, there is no doubt that Plaintiff exercised her rights under the FMLA, and for the purposes of this motion, the Court assumes Plaintiff is qualified for her position. 817 F.3d 415, 429; Compl. ¶¶ 16-17. Nonetheless, Plaintiff does not plead facts sufficient to show she suffered an adverse employment action or that any alleged adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. *Graziadio,* 817 F.3d 415, 429

        i.    *Adverse Employment Action*

Plaintiff alleges her "attendance record reflected her as being an abuser of sick leave and *potentially* subjected her to discipline or termination." (Compl. ¶ 25) (emphasis added). Plaintiff also "pled the adverse act that Defendant failed to look into and/or correct the issue when she brought it to management's attention." (Pl.'s Opp. [ECF No. 10-2] at 5.)

Plaintiff's concern with respect to the first alleged adverse employment action, *i.e.* that her "attendance card reflected her being an abuser of sick leave," appears to be the perceived possibility of termination. (Compl. ¶ 39.) Yet that never happened. Plaintiff does not allege that she was actually terminated, let alone disciplined, demoted, or otherwise affected in any manner as a result of having sick days on her attendance record.[3] Indeed, absent from the Complaint is any allegation that anyone said anything to Plaintiff regarding the number of sick days on her attendance record.

---

[3] In fact, Plaintiff asserts that she is currently employed by Defendant in the same position as before the alleged retaliation occurred. (Compl. ¶ 9.)

Plaintiff cites to *Millea* for the proposition that she suffered damages as a result of Defendant categorizing her FMLA leave as sick leave. (Pl.'s Opp. [ECF No. 10-2] at 6.) However, *Millea* is distinguishable in a number of ways. First, the relevant discussion arose in the context of an FMLA interference, rather than a retaliation, claim. *Millea,* 658 F.3d at 161-163. Second, the plaintiff in *Millea* did not follow his employer's policy surrounding FMLA leave, and the employer therefore disciplined the plaintiff in connection with his FMLA leave. *Id*. In this case, Plaintiff was never disciplined, and the only consequence she suffered was a clerical error. This error, which was later corrected, does not rise to the level of an adverse employment action. S*ee Stern*, 2018 U.S. Dist. LEXIS 173054, at *55.

With respect to the second adverse employment action Plaintiff alleges, *i.e.* Defendant failing to investigate or correct Plaintiff's attendance record, any such concern was mitigated when Defendant did investigate the issue, concluding that Defendant had not engaged in any wrongdoing, and corrected Plaintiff's attendance record. (Compl. ¶¶ 37-38.) While it may have been inconvenient, and even time consuming, for Plaintiff to deal with Defendant's internal bureaucracy in order to correct this error, it is not plausible to conclude from the facts alleged in the Complaint that Plaintiff suffered an adverse impact beyond the level of a mere inconvenience, and certainly not to the level of dissuading any reasonable worker in Plaintiff's position from exercising her rights. *Millea*, 658 F.3d at 164.

Assuming all of Plaintiff's allegations as true, Plaintiff has failed to adequately plead that she suffered any adverse employment action.

ii. *Reasonable Inference of Retaliatory Intent*

Even assuming, arguendo, Plaintiff had shown an adverse employment action, there are no facts alleged in the Complaint that would support an inference of retaliatory intent. Plaintiff

did not become aware of the error on her attendance record until around seven months after her FMLA leave was approved. (Compl. ¶¶ 21-24) (Plaintiff's relevant attendance records were approved in January and February 2015 and she discovered the error in September 2015.) This lag in time broke any possible causal inference between Plaintiff's FMLA leave and the alleged retaliatory action of failing to correct sick days on her attendance record. *See Seitz*, 2019 WL 4805257, at *11. Furthermore, it is difficult to infer retaliatory intent when Defendant ultimately corrected Plaintiff's attendance record and investigated the issue, at her request. *See Donnelly*, 691 F.3d at 152; Compl. ¶¶ 37-38.

## CONCLUSION

For the foregoing reasons, Defendants' Rule 12(b)(6) motion to dismiss is granted with prejudice.[4] The Clerk of Court is directed to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York        s/ Denis R. Hurley
       October 25, 2019        Denis R. Hurley
                                       United States District Judge

---

[4] Plaintiff does not request leave to amend, and in any event, amendment would be futile as any conceivable amendment would fail to cure the deficiencies in the Complaint. *See F5 Capital v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Furthermore, Plaintiff previously brought a similar claim against Defendant in 2017. The same law firm that appears for Plaintiff in this case appeared for her in the previous case and requested an extension of time to file an amended complaint, which was granted. *See Zhang v. Brookhaven Science Associates, LLC*, Case No. 17-cv-5185(JMA)(GRB) (E.D.N.Y. Nov. 21, 2017), DE 6. Plaintiff did not file an amended complaint and instead voluntarily dismissed the case in January 2018. Plaintiff then brought the present action seven months later in August 2018, and therefore has had ample time and opportunity to plead any relevant facts.